O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LOUIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-06320-JVS-KES<br><br>ORDER DISMISSING ACTION WITH PREJUDICE |

## I.

## BACKGROUND

In July 2019, Joe Louis ("Plaintiff") filed this pro se civil rights action against the governor of California and the mayor of Los Angeles. (Dkt. 1, "Complaint.") The Complaint alleged that Defendants committed "gross negligence for not building underground nuclear fallout shelters for elementary school children in California and for not conducting mock civil defense evacuation disaster drills." (Id.) The Complaint stated that Plaintiff was a "Commander" in the "United States Army Special Forces Military Intelligence" and listed his return

1

| | |
|---|---|
| 1 | address as "Patriot First, 6209 11th Avenue, Brooklyn, NY 11229." (Id. at 1.) |
| 2 | On August 7, 2019, the Magistrate Judge issued a Report & |
| 3 | Recommendation ("R&R") finding that the Complaint should be dismissed without |
| 4 | leave to amend. (Dkt. 5.) The R&R concluded that: (a) Plaintiff had failed to |
| 5 | demonstrate standing; (b) Defendants (elected officials in California) owe Plaintiff |
| 6 | (a resident of New York) a relevant duty of care for purpose of stating a negligence |
| 7 | claim; and (c) Defendants were immune from this type of negligence claim under |
| 8 | California Government Code Section 820.2, because deciding whether and how to |
| 9 | protect California citizens from a nuclear attack is a discretionary policy decision. |
| 10 | (Id.) The Magistrate Judge found that granting leave to amend appeared to be |
| 11 | futile, given the nature of the claim, but noted that Plaintiff could assert additional |
| 12 | factual allegations in any objections to the R&R. (Id. at 5.) |
| 13 | On August 8, 2019, the Court received an affidavit from Plaintiff describing |
| 14 | the effects of a nuclear bomb and including a hand-drawn diagram of a proposed |
| 15 | nuclear shelter. (Dkt. 6.) This affidavit listed Plaintiff's return address as "Mr. Joe |
| 16 | W. Louis, Patriot First Colonial House, 6209 11th Avenue, Brooklyn, NY 11219." |
| 17 | (Id. at 5.) |
| 18 | On August 26, 2019, the Court received a notice indicating that the August 7 |
| 19 | R&R had been returned by the postal service because as "insufficient address." |
| 20 | (Dkt. 7.) Noting that Plaintiff had since provided his first name and a different zip |
| 21 | code, the Court sent a new copy of the R&R to the address listed on the August 8 |
| 22 | affidavit and extended the deadline for filing objections to the R&R. (Dkt. 8.) |
| 23 | A copy of the R&R was sent address to "Louis" and again returned by the |
| 24 | postal service with the explanation, "Vacant[;] unable to forward." (Dkt. 9.) |
| 25 | Noting that the mailing address had not included Plaintiff's first name, the Court |
| 26 | mailed yet another copy of the R&R and extended the deadline for filing objections. |
| 27 | (Dkt. 10.) The Court warned, "If this latest copy of the R&R is again returned as |
| 28 | undeliverable, the Court may dismiss this action for the reasons stated in the R&R |

and/or for want of prosecution." (Id.)

On October 18, 2019, the postal service returned the latest copy of the R&R as undeliverable. (Dkt. 11.)

## II.

## DISCUSSION

### A. Dismissal is Appropriate for Failure to State a Claim

For the reasons explained in the Magistrate Judge's R&R issued on August 7, 2019, the Complaint fails to state a claim for relief. (Dkt. 5.) A dismissal without leave to amend is appropriate because it appears that amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Additionally, Plaintiff has failed to respond to the R&R or keep the court apprised of his current mailing address, as discussed below.

### B. Dismissal is Appropriate for Failure to Prosecute

#### 1. Legal Standard

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." Local Rule 41-6 also authorizes the Court to dismiss an action for want of prosecution if "a pro se [petitioner's] address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such [petitioner] fails to notify, in writing, the Court and opposing parties of said [petitioner's] current address."

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### 2. Analysis

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—supports dismissal. "Defendants have not been served in this case so there is no immediate prejudice to Defendants. However, given Plaintiff's failure to provide an updated address, the matter could linger indefinitely and prejudice Defendants. This factor favors dismissal." Lake v. Mahoney, No. 07-72, 2008 WL 4960429 at *2, 2008 U.S. Dist. LEXIS 93869 (D. Mont. Nov. 17, 2008).

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court has given Plaintiff multiple opportunities to provide an updated mailing address and has attempted to warn him of the possibility of dismissal. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

| 1  | Although the fifth factor—public policy favoring a disposition of an action
| 2  | on its merits—weighs against dismissal, its effect is mitigated by the weakness of
| 3  | Plaintiff's claims. See, e.g., Harris v. Gomez, No. 94-1547, 1997 WL 763500 at
| 4  | *1, 1997 U.S. Dist. LEXIS 19425 at *3-4 (N.D. Cal. Nov. 26, 1997) ("While
| 5  | resolution of this claim on its merits is favored by public policy, the court must
| 6  | also weigh the likelihood of success on the merits when considering dismissal with
| 7  | prejudice for failure to prosecute. … Given the facts of this case, the likelihood of
| 8  | success on the merits is remote at best."). As discussed in the Magistrate Judge's
| 9  | R&R and summarized above, the Complaint fails to state a claim for negligence,
| 10 | and it appears that Plaintiff could not amend the Complaint to do so.
| 11 |       Given that nearly all of the factors favor dismissal, this action will be
| 12 | dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)
| 13 | and Local Rules 41-1 and 41-6. This Court has discretion to dismiss the action with
| 14 | or without prejudice. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states
| 15 | otherwise, a dismissal under this subdivision [for failure to prosecute] … operates
| 16 | as an adjudication on the merits."); Local Rule 41-2 ("Unless the Court provides
| 17 | otherwise, any dismissal pursuant to L.R. 41-1 [for want of prosecution] shall be
| 18 | without prejudice."); Local Rule 41-6 (dismissal for failure to keep court apprised
| 19 | of plaintiff's mailing address may be with or without prejudice); see also Al-Torki
| 20 | v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). The Court exercises its discretion
| 21 | to dismiss this action with prejudice, given that the Complaint fails to state a claim
| 22 | for relief.
| 23 | //
| 24 | //
| 25 | //
| 26 | //
| 27 | //
| 28 | //

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing the Complaint and this action with prejudice.

DATED: October 25, 2019

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE